UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
v.                                :   Criminal No.: 19-cr-212 (TFH)
                                  :
JOHNNY COREY LAINEZ               :

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Johnny Lainez, by and through his counsel, respectfully files this Memorandum to aid the Court in its sentencing decision. For the reasons set forth herein, counsel respectfully suggests that imposition of the mandatory minimum required sentence of 15 years (180 months) is fully sufficient to advance the goals of sentencing in this case without being unnecessarily punitive.

As outlined in his letter to the Court (Attachment "A"), Mr. Lainez recoils from being depicted as a predator, as he feels he is described in the narrative of this case. Mr. Lainez is adamant that he was contacted by text message initially, from an unknown person not known to be a minor, and he ultimately failed to exercise the judgment and restraint necessary to prevent his own relapse into this scary and lonely predicament where he finds himself. Mr. Lainez responded to a situational moment in one of his lowest points of what he now recognizes to be chronic depression, triggered most recently by job loss. He eventually sought gratification where he knew he shouldn't. As he told disbelieving arresting officers, he instinctively felt he was in a probable sting operation, yet proceeded recklessly into the danger zone without explanation. He acknowledges he pursued this wrongful activity on hesitating impulse, but denies living a secret life in pursuit of underage girls. His romantic partner of choice is an adult female, as his long-term relationships have shown over time. He backed out of this encounter of his own accord in declining to pursue interest in the initial exchanges in January; he was tentative, and apologetic. When arrested in March, forensic examination of his phone phone revealed

no images of child pornography nor evidence of texts or emails with any other underage females. It is telling that there is no evidence that Mr. Lainez initiated the text exchanges with either the child or the undercover officer, and no evidence that the initial exchange included any reference to age. When informed of the texting child's age, Mr. Lainez immediately desisted. Only then was he again approached, this time by an undercover officer fully versant in Mr. Lainez' registration status.

Mr. Lainez struggled as an immigrant child living in a broken home. But he survived to strive, and graduated from high school despite failing in the tenth grade (Attachment "B"). He moved to New Jersey from his grandmother's to his mother's home, re-enrolling to eventually complete his degree. It is a measure of his struggles, despite citizenship, that the Virginia public schools were unable to verify his degree, likely because of his use of surnames. When incarcerated, he pursued every available program and learning opportunity, as the attached certificates of completion attest to (Attachment "C"). Despite having a rued but public past, Mr. Lainez continued to pursue and obtain gainful employment throughout his adulthood despite so many employers' deep reluctance to invest in returning citizens (as most incarcerees will become). This situational behavior is not a pattern for Mr. Lainez, and his risk of recidivism would seem scant at his eventual age of release. Intensive therapy of a kind he has never benefited from can only enhance his own insight into this personal struggle.

Mr. Lainez entered a guilty plea to one count of Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1951(a)(1) & (b)(1). The single count carries a maximum term of imprisonment of life imprisonment, and/or a fine of up to $250,000, and a term of supervised release of no less than five years and up to life. The defendant's sentencing guideline calculation based on the offense of conviction is determined to be offense level 36, and 33 after subtracting three points for acceptance of responsibility. However, because of a prior conviction for an offense committed in 2001, Mr. Lainez'

offense level is instead 34, after a reduction for acceptance of responsibility. His Criminal History Category is automatically upgraded from IV to V, based on the repeat offender provision of U.S.S.G. § 4B1.5(a). The guideline sentencing range is 235-293 months of incarceration, a fine range of $30,000 to $3,000,000, and a term of supervised release of from five years to life.

In the Sentencing Reform Act of 1984, Congress gave specific direction to the District Court judges, as well as the Sentencing Commission. The central directive to sentencing judges instructs district courts to "impose a sentence sufficient, but not greater than necessary," to accomplish the goals of sentencing. *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). In *United States v. Booker*, the Supreme Court reiterated that 18 U.S.C. § 3553(a) provides the remaining criteria for determining the appropriate sentence. 543 U.S. 220, 259 (2005). The Court should fashion a reasonable sentence keeping the statutory goals of sentencing in mind: (a) the sentence must take into consideration the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the sentence must reflect the seriousness of the offense; promote respect for the law; and provide just punishment; (c) the sentence must afford adequate deterrence, and protect the public from further crimes of the defendant; (d) the sentence must provide the defendant with needed educational or vocational training, medical care, or any correctional treatment in the most effective manner; and (e) the Court must consider the kinds of sentences available in the sentencing range of the type of offense committed by the defendant. 18 U.S.C. section 3553(a).

One of the reasons a guideline sentence in this case is greater than necessary to achieve the goals of sentencing results from the guideline being enhanced two different impactful ways by only one prior conviction. If Mr. Lainez' 2002 conviction were not aggrandized by the repeat offender provision, his offense level would be 33, his criminal history category IV, and the guideline sentence 188-235. A

downward variance from the bottom guideline matching the national average in this type of prosecution (18%) would total approximately 150 months. The prior conviction is already counted for, of course, in boosting the history category from III to IV based on criminal history points assessed.

The nature and circumstances of the offense in this case are disturbing but distinctly internet and device-related, as the anonymous communication platforms enable and seemingly encourage reckless oversharing and indulgence in fantastic schemes of sensual pursuit, most of which are left as fading electrons on a text screen. It is not to downplay the seriousness of the conduct here, but surely the most penalizing of sentences should be reserved for those cases where human victims were put at risk. In assessing the proportionality of punishments involving this type of misconduct, the absence of a human victim does mitigate the impact of this misbehavior on the larger society.

Also pertinent to the Court's analysis are the sentencing trends and practices of federal courts nationwide. Fully 30% of defendants facing the imposition of a mandatory minimum sentences for sex offenses received non-government-sponsored downward variant sentences in 2016, and the Sentencing Commission's analysis of sentencing data shows that (non-government-sponsored) downward variances have grown over time and continue to do so (Table 5, Sentence Relative to the Guideline Range for Sexual Abuse Offenders, Fiscal Year 2016; Mandatory Minimum Sentences for Sex Offenders (2019)).

The history and characteristics of the defendant show a string of drinking-related traffic offenses, numerous minor scrapes with law enforcement in his youth, and a statutory rape offense in 2001, when Mr. Lainez was 30 years old. A strict liability offense, there was no violence or threat of violence involved. While he certainly should have known better or investigated more thoroughly, Mr. Lainez sincerely believed he was dealing with an adult at the time. That his conviction followed two mistrials is not an unfair indication of the strength of the case.

Fifteen years of incarceration, at Mr. Lainez' age of 48, is more than sufficient to achieve the goals of punishment, deterrence, protection, and correction (to the extent it is actually available). Despite the demonstrated mental health needs of Mr. Lainez the Bureau of Prisons is unfortunately ill-suited to render such treatment and does not enjoy a record of success in meeting these needs of its inmate population. For these reasons the Court should exercise the minimal mercy necessary to impose only the mandatory minimum of fifteen years of incarceration. Mr. Lainez specifically requests the Court to recommend his placement in the Residential Drug Abuse Program, in addition to Intensive Sex Abuse therapy recommended by the PSR. As part of the court's Judgment. Mr. Lainez also requests the court to recommend a designation to FCI Petersburg in Virginia.

Respectfully submitted,

_____
Cary Clennon, Esq. #366816
Counsel for Mr. Lainez
Appointed by the Court

P.O. Box 29302
Washington, D.C. 20017
(202) 269-0969

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing memorandum and attachments have been served and distributed electronically by email transmission to AUSA Andrea Hertzfeld pending imminent filing with ECF this eighth day of October, 2019.

_____
Cary Clennon

5